IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE RICHARD ECKARDT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-61-D |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

Petitioner, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus challenging his conviction under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On April 13, 2022, Judge Erwin issued a Report and Recommendation [Doc. No. 16], where he recommended dismissal of the habeas petition because the Court lacks jurisdiction to consider Petitioner's unauthorized second or successive habeas petition. Further, Judge Erwin recommended that the Court decline to transfer the petition to the Tenth Circuit. Finally, Judge Erwin recommended that the Court deny as moot two motions [Doc. No. 13 and 14] filed by Petitioner.

In his Objection, timely filed on April 22, 2022 [Doc. No. 17], Petitioner presents no persuasive argument or authority that would cause the Court to reject Judge Erwin's conclusions. The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore,

the Court, having conducted a *de novo* review,[1] finds that Petitioner's objection should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 16] in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner Kyle Richard Eckardt's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED** without prejudice for lack of jurisdiction due to Petitioner's failure to seek an order authorizing the district court to consider the second or successive application for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3)(A). Further, the Court declines to transfer the Petition to the Tenth Circuit.

**IT IS FURTHER ORDERED** that Petitioner's Motions [Doc. Nos. 13 and 14] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] Pursuant to Rule 72, where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 29th day of April, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge